UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROOFERS LOCAL 149 SECURITY
BENEFIT TRUST FUND, et al.,   Case No. 2:22-cv-11687

            Plaintiffs,   HONORABLE STEPHEN J. MURPHY, III

v.

T.F. BECK COMPANY and
DANIEL E. CASEY,

            Defendants.
                                       /

**ORDER GRANTING IN PART AND DENYING**
**IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [22]**

Plaintiffs alleged that Defendants violated the Employee Retirement Income Security Act (ERISA) and the Michigan Building Contract Fund Act when they did not pay certain fringe benefits and that Defendant Daniel Casey breached his fiduciary duties. ECF 1. Plaintiffs sought damages and an injunction. *Id.* at 9. Defendants failed to answer or otherwise respond to the complaint, so the Clerk of the Court entered a default against both Defendants. ECF 19; 20. Plaintiffs moved for default judgment. ECF 22. Defendants filed no response, so the motion is unopposed. After reviewing the motion, a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f)(2); Fed. R. Civ. P. 55(b)(2). For the following reasons, the Court will grant in part the motion for default judgment.

Once default is entered, a defendant is treated as having admitted to the complaint's well-pleaded allegations. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837,

1

846 (E.D. Mich. 2006). If the allegations, taken as true, "are sufficient to support a finding of liability . . . the Court should enter judgment." *Id.* at 848. After the Court determines default judgment is appropriate, it will "determine[] the amount and character of the [awarded] recovery." 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 (4th ed. 2020) (collecting cases). The Court must "conduct an inquiry" to "ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 F. App'x 351, 355 (6th Cir. 2009) (quotation omitted).

Here, Plaintiffs sufficiently alleged that Defendants needed to pay fringe benefits under the parties' collective bargaining agreement and that Defendants failed to pay the fringe benefits. ECF 1, PgID 2–5; *see also* ECF 22-2 (collective bargaining agreement). Because Defendants did not pay the fringe benefits, they breached the collective bargaining agreement. Plaintiffs therefore have a right to a default judgment.

For damages under ERISA, Plaintiffs are entitled to "the unpaid contributions," "interest on the unpaid contributions," "an amount equal to the greater of" the "interest on the unpaid contributions[] or" "liquidated damages" not to exceed twenty percent, "reasonable attorney's fees and costs," and "such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2). Plaintiffs did not allege damages separate from the ERISA damages. *See* ECF 22. But Plaintiffs did seek an injunction. *Id.* at 52.

2

Plaintiffs' trust fund plan manager's affidavit detailed the funds to which Plaintiffs were entitled under ERISA. To support the amount, the plan manager took five steps. First, the plan manager found that Defendants' unpaid contribution was $176,703.48. ECF 22-3, PgID 91. Second, the plan manager determined that Defendants "ha[ve] remitted [their] surety bond in the amount of $20,000, reducing the [unpaid contribution] fringes owed to $156,703.48." *Id.* Third, the plan manager determined that Defendants owed $3,294.10 in liquidated damages "for late payment of fringes for work month March 2022." *Id.* Fourth, the plan manager stated that Plaintiffs "have incurred attorneys' fees and costs in the amount of $3,686.00 from May 1, 2022 through November 28, 2022." *Id.* And fifth, the plan manager stated that Defendants also "owed . . . statutory interest on unpaid fringe benefit contribution" in the amount of $4,571.14. *Id.* at 91–92 (alterations omitted); *see* ECF 22-5 (affidavits calculating interest owed). The plan manager thus concluded that Plaintiffs suffered $168,254.72 in unpaid damages. ECF 22-3, PgID 92.

Aside from their attorney's fees, Plaintiffs have sufficiently proved all their damages. In sum, the unpaid contribution, unpaid interest, liquidated damages, and attorneys' fees equal $168,254.72. The Court must, however, conduct a lodestar analysis before granting an award of attorneys' fees. *Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442, 446 (6th Cir. 2009) (citations omitted). And the Court will decline to award $3,686.00 in attorneys' fees because Plaintiffs' affidavits contain insufficient evidence to allow the Court to conduct a lodestar analysis. *See* ECF 22; 22-2; 22-3; 22-4. For instance, the affidavit submitted by Mr. Matthew Henzi,

3

Plaintiffs' counsel, did not detail the attorneys' fees by hours worked for each task, nor did his affidavit assign an hourly rate to each hour worked or explain who worked each hour. *See* ECF 22-4, PgID 95 ("16.6 hours [] were expended in pursuit of this matter" at "rates . . . [of] $200.00 for shareholders and $175.00 for associates."). And the plan manager's affidavit did not provide details about Mr. Henzi's hours either. *See* ECF 22-3. Because Mr. Henzi's and the plan manager's affidavits provided little evidence about what was done in the hours worked by Plaintiffs' counsel, who did the work, or the rate for each hour of work done, the Court cannot conduct a lodestar analysis. The Court will therefore decline to award attorneys' fees. If Plaintiffs renew their motion for attorneys' fees, they must attach detailed documentation of the time spent on each matter, who worked the time, that person's hourly rate, and the total fee charged for each matter. Excluding the requested attorneys' fee, Plaintiffs are therefore entitled to a default judgment in the amount of $164,568.72.

Last, the Court will deny Plaintiffs' request for an "order that Defendants abide by all the terms and conditions of the applicable collective bargaining agreement" because Plaintiffs made no showing that an injunction is merited. ECF 22, PgID 52 (alterations omitted); *see Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156 (2010) ("A plaintiff seeking a permanent injunction must satisfy a four-factor test . . . : (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved

by a permanent injunction.") (alterations omitted). Plaintiffs requested an injunction but did not support the request with facts or argument. *See* ECF 22. The Court will thus deny Plaintiffs' request for an injunction.

**WHEREFORE**, it is hereby **ORDERED** that Plaintiffs' motion for default judgment [22] is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **ENTER** default judgment in the amount of **$164,568.72** against Defendants.

**IT IS FURTHER ORDERED** that Plaintiffs' request for injunctive relief is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will **RETAIN** jurisdiction over the present matter for purposes of enforcement of the provisions of the default judgment.

This is the final order that closes the case.

**SO ORDERED.**

                                     s/ Stephen J. Murphy, III
                                     STEPHEN J. MURPHY, III
                                     United States District Judge

Dated: December 16, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 16, 2022, by electronic and/or ordinary mail.

                                     s/ David P. Parker
                                     Case Manager